J-S19043-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: J.Q.T., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | No. 1422 MDA 2023 |

Appeal from the Dispositional Order Entered August 30, 2023
In the Court of Common Pleas of Lancaster County Juvenile Division at
No(s):  CP-36-JV-0000144-2023

BEFORE:   DUBOW, J., BECK, J., and COLINS, J.*

MEMORANDUM BY COLINS, J.:                    **FILED: NOVEMBER 15, 2024**

Appellant, J.Q.T., a juvenile, appeals from the dispositional order of the Court of Common Pleas of Lancaster County adjudicating him delinquent for the offenses of carrying a firearm without a license, possession of a firearm by a minor, possession of a firearm with an altered manufacturer number, possession of a controlled substance, possession of a small amount of marijuana, and possession of drug paraphernalia.[1]  Appellant argues that the trial court erred in denying his motion to suppress the gun that was the basis of the firearms offenses on the ground that it was obtained as a result of an unlawful search.  For the reasons set forth below, we affirm.

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 6106, 6110.1, 6110.2, and 5104 and 35 P.S. §§ 780-113(a)(16), (a)(31), and (a)(32), respectively.

This case arises out of a traffic stop in Manheim Township, Pennsylvania. After midnight on March 1, 2023, a Manheim Township police officer observed a car accelerating rapidly, making a lane change without signaling, partially crossing over the center line, and speeding. N.T. Suppression Hearing at 5-8. The officer initiated a traffic stop, and the car, which was being driven by a 17-year-old and was carrying Appellant and three other passengers, pulled over. *Id.* at 8-11. The officer spoke to the driver, who produced a valid drivers' license, and directed the passengers to get out of the car because they were interfering with his questioning of the driver. *Id.* at 9-10. When the officer directed Appellant to get out of the car, Appellant was initially hesitant getting out of the passenger seat but ultimately complied. *Id.* at 10-11.

The passengers as well as the driver appeared to the officer to be minors. N.T. Suppression Hearing at 11. Manheim Township's ordinances imposed a 10 p.m. curfew on minors on weeknights and the night when this incident occurred was a weeknight. *Id.*; Code of the Township of Manheim §§ 208-7, 208-8. The township's ordinances further required that where a minor is in violation of the curfew, the police officer must release the minor to his or her parents or, if the parents cannot be found, an adult relative or the parent of another minor involved in the curfew violation. Code of the Township of Manheim §§ 208-13; N.T. Suppression Hearing at 12. The officer therefore called for additional officers to assist in identifying the driver and passengers,

determining whether they were minors or adults, and if they were minors, calling their parents. N.T. Suppression Hearing at 11-12.

Appellant, who was 16 years old at the time, gave the officer who initiated the traffic stop his correct name but an incorrect birth date. Adjudication Hearing at 3; N.T. Suppression Hearing at 16-17. The officer, however, determined that Appellant was a minor. N.T. Suppression Hearing at 14-17, 43-44, 49. The officers determined that one of the other passengers was a minor and that the two remaining passengers were adults, released the two adults, and attempted to telephone Appellant's parents, the driver's parents, and the other minor's parents. *Id.* at 12, 14-16. The officer who initiated the traffic stop reached a man who said that he was Appellant's father, that he could not come to pick Appellant up, and that he did not want Appellant to be released to anyone else. *Id.* at 15-17. The officer also tried to call Appellant's mother but there was no answer. *Id.* at 17-18.

While he was looking on his computer to obtain a telephone number for Appellant's mother, the officer saw a report that Appellant had been the sole suspect in a 2020 armed robbery involving a gun at a Marshall Avenue address. N.T. Suppression Hearing at 18-21, 53-55, 67-68. That address was known to the officer as a location where a shooting and a car speeding away had been reported shortly before the traffic stop and where bullet holes had been found in the house and the adult in the house refused to let the police investigate. *Id.* at 21. In addition, one of the other passengers told

the officer that Appellant was staying at that address. *Id.* at 21-22, 38, 57, 63-64. The officer became concerned that Appellant, who he could not release yet, could be armed and conducted a pat down of Appellant for weapons. *Id.* at 19-20, 22, 41, 60-64, 67-69. When he began patting down Appellant's waistband area, the officer felt the pistol grip of a gun. *Id.* at 23, 70. Appellant resisted the officer's attempts to remove the gun, but after other officers helped subdue Appellant, the officer successfully removed the gun, which was a Walther P22 semi-automatic handgun with a partially obliterated serial number. *Id.* at 23-27, 70; Adjudication Hearing at 5-6. The officer then arrested Appellant and, with the driver's consent, searched the car and found crack cocaine, methamphetamine, marijuana, and a digital scale in a crossbody bag that belonged to Appellant. N.T. Suppression Hearing at 27-33; Adjudication Hearing at 3-5.

Appellant was charged in a delinquency petition with the above offenses. On April 10, 2023, Appellant filed a motion to suppress the gun on the ground that the pat down violated his constitutional rights under the Fourth Amendment to the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution,[2] and the trial court held a hearing on this motion to suppress on April 27, 2023. The officer who initiated the traffic stop and

_____

[2] Appellant also moved in the trial court to suppress the drugs and scale but does not challenge the denial of his motion to suppress those items in this appeal. Appellant's Brief at 11 n.2.

- 4 -

conducted the pat down was the only witness who testified at the suppression hearing. At the close of this hearing, the trial court denied Appellant's motion to suppress. N.T. Suppression Hearing at 80; Trial Court Order, 4/27/23. On May 23, 2023, the trial court held an adjudication hearing at which it found that Appellant committed the charged offenses. Adjudication Hearing at 10-11; Adjudicatory Hearing Order. On August 30, 2023, the trial court entered a dispositional order adjudicating Appellant delinquent and placing him on probation. Dispositional Order. This timely appeal followed.

Appellant raises only one issue in this appeal: whether the officer who patted Appellant down lacked reasonable suspicion that Appellant was armed and dangerous and suppression of the gun was therefore required because the pat down that found the gun was unconstitutional. Our standard of review of this issue is well established:

> Appellate review of a suppression decision is limited to the suppression record, considering the evidence presented by the Commonwealth as the prevailing party and any uncontradicted evidence presented by the defense. This Court is bound by the facts as found by the suppression court so long as they are supported by the record, but our review of its legal conclusions is de novo.

**_Commonwealth v. Valdivia_**, 195 A.3d 855, 861 (Pa. 2018) (citations omitted).

Both the Fourth Amendment to the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution protect individuals and their effects and possessions from unreasonable searches and seizures.

*Valdivia*, 195 A.3d at 861; *Commonwealth v. Carver*, 318 A.3d 386, 390 (Pa. Super. 2024); *Commonwealth v. Arrington*, 233 A.3d 910, 915 (Pa. Super. 2020). A search conducted without a warrant is unreasonable and therefore constitutionally impermissible unless an established exception to the warrant requirement applies. *Valdivia*, 195 A.3d at 861; *Arrington*, 233 A.3d at 915; *Commonwealth v. Simmons*, 17 A.3d 399, 403 (Pa. Super. 2011).

An exception to the warrant requirement permits a limited frisk or pat down for weapons where an officer conducting a lawful investigative detention has a reasonable belief that the individual that he is detaining is armed and dangerous to the officer or others. *Carver*, 318 A.3d at 390; *Arrington*, 233 A.3d at 915; *Simmons*, 17 A.3d at 403. For such a frisk to be constitutionally permissible under this exception, the officer must articulate specific facts from which it can be reasonably inferred that the individual was armed and dangerous. *Commonwealth v. Grahame*, 7 A.3d 810, 816 (Pa. 2010); *Commonwealth v. Cunningham*, 287 A.3d 1, 10 (Pa. Super. 2022); *Commonwealth v. Gray*, 896 A.2d 601, 606 (Pa. Super. 2006). Whether this reasonable suspicion sufficient for a pat down or frisk for weapons exists is determined from an examination of the totality of circumstances. *Carver*, 318 A.3d at 390; *Cunningham*, 287 A.3d at 10; *Commonwealth v. Reed*, 19 A.3d 1163, 1170 (Pa. Super. 2011). The Commonwealth is not required to show an overt threat by the defendant or a visible weapon for a pat down

or frisk for weapons to be constitutional. **_Cunningham_**, 287 A.3d at 11; **_Commonwealth v. Mack_**, 953 A.2d 587, 591 (Pa. Super. 2008). Reasonable suspicion also does not require that the officer be certain that the defendant is armed; rather, the test for reasonable suspicion is whether a reasonably prudent person in the circumstances would be warranted in the belief that his safety or the safety of others was in danger. **_Cunningham_**, 287 A.3d at 11; **_Reed_**, 19 A.3d at 1170.

Appellant does not dispute that he was lawfully detained. The record, moreover, is clear that the detention was constitutional, as the car was properly stopped for erratic driving, Appellant was in violation of the township's curfew ordinance and could only be released to a parent or, if attempts to reach a parent were unsuccessful, to an adult relative or a parent of one of the other minors, and the police were still in the process of trying to find an adult to whom Appellant could be released when the pat down occurred. The only issue is whether the officer had reasonable suspicion that Appellant was armed and dangerous sufficient to support the pat down.

The trial court found that the officer had reasonable suspicion based on the following facts about Appellant that were known to him: Appellant had been the sole suspect in a gun robbery, Appellant was currently staying at the house where that robbery occurred and which was known for gun violence, Appellant had initially hesitated to get out of the car when asked to do so, and Appellant had given a false birth date. Trial Court Opinion at 6. We agree

that these facts in combination were sufficient to provide reasonable suspicion for the pat down of Appellant.

Appellant argues that the armed robbery was insufficient to create reasonable suspicion that Appellant was armed and dangerous because it was three years old and there was no conviction. Neither of these arguments negates the reasonable suspicion for the pat down of Appellant. Information concerning past gun crime or gun possession by a defendant can support reasonable suspicion that the defendant is armed and dangerous. ***Commonwealth v. Ross***, 297 A.3d 787, 796 (Pa. Super. 2023) (officer's knowledge that defendant who was detained for traffic violation had revoked gun permit supported reasonable belief that officer's and his partner's safety was in danger); ***Reed***, 19 A.3d at 1170-71 (prior armed robbery convictions supported reasonable suspicion). Moreover, the officer had reason to believe that Appellant was still associated with the place where the robbery occurred. N.T. Suppression Hearing at 20-22, 38, 56-57, 68.

Although Appellant was only a suspect in the armed robbery and was not convicted, the officer knew that Appellant was the only suspect and that the reason that the case closed was that the victim did not cooperate, not because a conclusion was reached that Appellant did not commit the gun crime. N.T. Suppression Hearing at 19, 54-55, 67-68. The absence of a determination that Appellant committed the armed robbery was not essential for this to be considered as a fact supporting reasonable suspicion, as

reasonable suspicion does not require certainty that the defendant is armed and dangerous. *Cunningham*, 287 A.3d at 11; *Reed*, 19 A.3d at 1170. Coupled with Appellant's ties at the time of the pat down to a house that was known for gun violence and Appellant's hesitancy in getting out of the car and lying to the officer, the information that Appellant was a suspect in a past gun robbery would cause a reasonably prudent person to believe that continuing to hold Appellant, as the police were required to do, would place the officers in danger absent a weapons pat down.

Appellant argues that the record did not show that Appellant was connected to the house that was known for gun violence. That is inaccurate. The officer not only testified that one of the other passengers pointed in the direction of Marshall Avenue saying that Appellant was staying there, but also testified that a passenger came up to him and said that Appellant was regularly at the specific Marshall Avenue address with the gun crime history. N.T. Suppression Hearing at 22, 38.

Appellant also argues that reasonable suspicion was lacking because the officer did not frisk Appellant immediately and because Appellant's lie about his birth date showed only that he wanted to convince police that he was an adult, not that he was armed. These arguments likewise fail. Contrary to Appellant's assertions, the delay shows the reasonableness of officer's conduct in acting only after he had sufficient information. The officer testified that he did not immediately conduct a pat down based simply on learning that

there was a robbery report but reached the conclusion that there was a safety danger when he read the details of the report just before the pat down, at a time when he also knew of Appellant's present ties to the Marshall Avenue house and knew that he was unable to release Appellant.  N.T. Suppression Hearing at 66-68.  While Appellant's lie by itself certainly has an explanation that does not suggest dangerousness, that does not preclude it as a factor to consider with other facts known to the officer in determining whether reasonable suspicion existed.  Reasonable suspicion may properly be based on a combination of facts that by themselves would be insufficient. ***Commonwealth v. Cook***, 735 A.2d 673, 676 (Pa. 1999); ***Commonwealth v. Shelly***, 703 A.2d 499, 503 (Pa. Super. 1997).  Both the lie and Appellant's hesitation in getting out of the car could therefore properly be considered with the other information that Appellant could be armed as showing reasonable suspicion for the pat down.

For the foregoing reasons, we conclude that the weapons pat down of Appellant did not violate his Fourth Amendment or Article I, Section 8 rights and that the trial court did not err in denying Appellant's motion to suppress the gun that was found in the pat down.  We therefore affirm the trial court's dispositional order.

Dispositional order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/15/2024